UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CYNTHIA Y. MARCH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1379 RLY/WTL |
| | ) | |
| ADT SECURITY SYSTEMS, and | ) | |
| CARMELLA HALL, | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECTION 1981 CLAIMS**

Defendants move for partial dismissal of Count IV of Plaintiff's Complaint under Rule 12(c) of the Federal Rules of Civil Procedure. In Count IV, Plaintiff, an African-American, brings claims of discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981. Defendants contend that because Plaintiff is an at-will employee, her Section 1981 claims necessarily fail. For the reasons explained below, the court **GRANTS** in part, and **DENIES** in part, Defendants' motion.

**I.  Factual Background**

Plaintiff is a former employee of defendant ADT Security Systems. (Amended Complaint ¶ 5). Plaintiff alleges that on March 10, 2005, a white co-worker, Sherry Cowan, confronted her at her work station, and initiated a confrontation. ADT's section supervisor, Tessa Michaels, intervened and stated to Plaintiff was she was acting in an unprofessional manner. (*Id*. ¶¶ 9-10).

1

On March 11, 2005, ADT's Director of Account Services, Kari Hoekzema, verbally reprimanded Plaintiff for the incident the previous day, and recorded the reprimand in writing. Plaintiff alleges that subsequent to the confrontation with Cowan, Carmella Hall gave Cowan extra responsibilities and duties, while Plaintiff was assigned accounts which were more difficult to collect. (*Id.* ¶¶ 18-19). Plaintiff also asserts that Hall assigned higher account goals to Plaintiff than other similarly situated white employees. (*Id.* ¶¶ 20, 22).

In April 2005, Plaintiff filed a charge of discrimination with the EEOC alleging that ADT had discriminated against her based on her race. (*Id.* ¶ 34). Plaintiff alleges that on May 13, 2005, she was issued a third and final written warning for intimidating behavior. (*Id.* ¶ 36).

In August 2005, Plaintiff received an e-mail containing sexually suggestive photographs. (*Id.* ¶ 42). Plaintiff sent the e-mail to a co-worker, who forwarded the e-mail to Portia Mason, ADT's Human Resources Manager, and to Unit Supervisor Carol Colbert. (*Id.* ¶ 43). On August 13, 2005, Mason notified Plaintiff of the termination of her employment for violating Company policy against forwarding chain e-mails and disclosing Company information to an ex-employee. (*Id.* ¶ 47).

Count IV of Plaintiff's Complaint, entitled "Section 1981 Violation," alleges that "Defendants ADT and Hall violated Plaintiff's right to make and enforce contracts under 42 U.S.C. § 1981 by subjecting Plaintiff, because of her race, to different terms and conditions of employment than similarly situated white employees; creating a hostile

work environment for Plaintiff because of her race; and retaliating against plaintiff for engaging in protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*" (*Id.* ¶ 49).

## II.     Dismissal Standard

Rule 12(c) permits a party to move for judgment on the pleadings after the parties have filed the complaint and answer. *See* FED. R. CIV. P. (c). A motion under Rule 12(c) is analyzed under the same standard as a motion for failure to state a claim under Rule 12(b)(6). *See, e.g.*, *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 182-83 (7th Cir. 1986). The court must accept as true the complaint's "well-pleaded factual allegations" and draw "all reasonable inferences" in plaintiff's favor. *See Chakonas v. City of Chicago*, 42 F.3d 1132, 1134 (7th Cir. 1994).

## III.    Discussion

In support of their motion, Defendants cite to the court's decision in *Hornbuckle v. Sage Health Services*, 2006 WL 91307 (S.D. Ind. Jan. 13, 2006) – a case factually similar to the case at bar. In *Hornbuckle*, the plaintiff, an Africa-American, filed suit against defendants Sage Health Services of Indiana, Inc. and Fourth Street Solutions, LLC, alleging violations of Title VII and 42 U.S.C. § 1981.[1] Plaintiff alleged that she was subjected to a hostile work environment, was unfairly disciplined after complaining to management, and ultimately was terminated due to racial discrimination. Defendants

---

[1] 42 U.S.C. § 1981 provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

moved to dismiss plaintiff's Section 1981 claim, arguing that because no employment contract existed between the plaintiff and the defendants, her termination could not have violated Section 1981.  In finding for the defendants, the court relied upon *Walker v. Abbott Laboratories*, 340 F.3d 471 (7th Cir. 2003).

In *Walker*, the Seventh Circuit held that the plaintiffs, at-will employees, could bring claims under Section 1981 because, *inter alia*, "Illinois courts generally treat at-will employment relationships as contractual in nature." *Id*. at 477.  Based upon that reasoning, this court, citing *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712 (Ind. 1997), found that Indiana state law does not regard at-will employment as contractual in nature.  *Hornbuckle*, 2006 WL 91307, *2.

The issue raised in *Orr* was "[w]hether the [employee] Handbook served to convert plaintiff's otherwise at-will employment relationship with Westminster [his employer] into an employment relationship that required Westminster to terminate them only for good cause." *Id*. at 717.  In other words, the Indiana Supreme Court was being specifically asked to construe a particular employee handbook as a valid unilateral contract, which would require the employer to have good cause before terminating its employees. *Id*. at 714.  The Court declined to adopt a new exception to the employment at-will doctrine for employee handbooks, and further found that the particular handbook in question did not create an employment contract that altered the otherwise at-will employment status of the plaintiffs.  *Id*. at 714, 719-20.

The Supreme Court's holding in *Orr* is inapposite to the case at hand.  It does not

address nor analyze the general "contractual nature" of at-will employment because that issue is not relevant to the facts of that case. Instead, its holding is narrow, and applicable only to cases involving an employee's attempts to convert his employee handbook into a unilateral contract, requiring his employer to have good cause before terminating him.

Moreover, the *Walker* Court's reliance on state contract law was not central to its holding. Indeed, the Court discussed the fact that the term "contract" as contemplated in Section 1981 encompasses employment at-will. *Id*. at 476 ("Several courts have recognized that . . . at-will employment creates a contract because the employer promises to pay the employee for certain work and the employee accepts the offer by beginning work.". . . "The lack of a fixed duration of employment does not make the relationship any less contractual."). The Court further found, on policy grounds, that "a finding that at-will employees cannot state a § 1981 claim would appear to contravene Congress's intention in the Civil Rights Act of 1991 to 'restor[e] the broad scope of Section 1981 [to] ensure that all Americans may not be harassed, fired or otherwise discriminated against in contracts because of their race.'" *Id*. (citing H.R. REP. No. 102-40(II), at 2 (1991)). Finally, the Court noted that five other circuits that addressed this issue held that at-will employees can state claims under Section 1981. *Id*. at 476 (citing *Skinner v. Martinez*, 253 F.3d 337 (8th Cir. 2001); *Lauter v. Int'l Business Machines*, 216 F.3d 258 (2nd Cir. 2000); *Perry v. Woodward*, 199 F.3d 1126 (10th Cir. 1999); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015 (4th Cir. 1999); and *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048 (5th Cir. 1998)). The Court's holding, therefore, was not

dependent upon Illinois contract law.

For these reasons, the court concludes that Section 1981 does encompass at-will employees, and is not dependent on Indiana's interpretation of state contract law. Accordingly, the court's decision in *Hornbuckle* was erroneous and is hereby overruled.

Having concluded that at-will employees can bring a claim under Section 1981, the court hereby **DENIES** Defendants' motion with respect to Plaintiff's Section 1981 claims against ADT and her official capacity claims against Hall.

Plaintiff also brings a Section 1981 claim against Hall in her individual capacity. However, Plaintiff does not allege that she had a contractual employment relationship with Hall.   The only employment relationship Plaintiff had with Hall was of supervisor and subordinate.  Hall never employed Plaintiff – a fact admitted in her Amended Complaint.  (Amended Complaint ¶ 7 ("Plaintiff was hired by ADT on or about August 2, 1999 as a Receptionist and was subsequently transferred to the position of account billing manager.")). The court therefore **GRANTS** Defendants' motion on Plaintiff's Section 1981 claims against Hall in her individual capacity.

**IV.    Conclusion**

For the reasons set forth above, the court **GRANTS** in part and **DENIES** in part Defendants' Partial Motion to Dismiss (Docket # 31).  Specifically, the court **GRANTS** Defendants' motion with respect to Plaintiff's individual capacity Section 1981 claim against Carmella Hall, and **DENIES** Defendants' motion with respect to ADT.


**SO ORDERED** this   20th   day of November 2006.

                                            RICHARD L. YOUNG, JUDGE
                                            United States District Court
                                            Southern District of Indiana


Electronic Copies to:

Brian L. McDermott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.mcdermott@odnss.com

Tae K. Sture
STURE LEGAL SERVICES LLC
tsture99@yahoo.com

Craig Warner Wiley
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
craig.wiley@ogletreedeakins.com